**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| Hammel J. Clark-El, | |
| Plaintiff, | |
| v. | Case No. 1:22-cv-02231-GLR |
| Ms. Lisa Pharmacy Technician, *et al.*, | |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE OR STRIKE DEFENDANTS' UNTIMELY EXPERT WITNESS

Plaintiff, Hammel J. Clark-El ("Mr. Clark"), by and through his counsel, hereby submits this Memorandum in Support of Plaintiff's Motion to Exclude or Strike Defendants' Untimely Expert Witness pursuant to Fed. R. Civ. P. 26 and 37, and respectfully states as follows:

1.      Despite six extensions of the discovery period for nearly a year, in a case that has spanned nearly four years, Defendants now attempt to untimely disclose an expert witness, months after the close of discovery and on the eve of a settlement conference and upcoming motion for summary judgment briefing.  Mr. Clark faces significant prejudice from Defendants' unjustified delay and requests that this Court preclude Defendants from offering this untimely expert evidence or testimony in connection with this case.

2.      Pursuant to Fed. R. Civ. P. 26(a)(2), a party must disclose to the other parties the identity of any witness it may use in litigation to present evidence under Fed. R. Evid. 702, 703, and 705.  A party must make expert disclosures "at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(D).  "A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response."  Fed. R. Civ. P. 26(e).

3. If a party fails to identify a witness or make a disclosure that is required under Rule 26(a) or (e), Rule 37(c)(1) provides, "[a] party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37(c) provides for an "automatic sanction" of exclusion. *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 n.2 (4th Cir. 2003); Fed. R. Civ. P. 37(c) advisory committee note (1993) ("The revision provides a self-executing sanction for failure to make a disclosure required by Rule 26(a) . . . . This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion.").

4. Plaintiff filed this action on September 6, 2022, alleging that Defendants violated his Eighth Amendment rights through their deliberate indifference to Mr. Clark and his medical needs while he was incarcerated at Jessup Correctional Institution. Dkt. No. 1.

5. The Court issued a Scheduling Order on November 14, 2024 (Dkt. No. 32), setting a deadline for discovery, a status report, and summary judgment motions. This schedule stated that "[i]n light of previous failures to comply with the Court's deadlines, Defendants are forewarned that they will be ordered to show cause why they should not be held in contempt if they fail to comply with the deadlines outlined in this Order." *Id*. at 1.

6. The Court issued a modified Scheduling Order as to discovery deadlines on April 10, 2025, in light of the appointment of Mr. Clark's *pro bono* counsel (Dkt. No. 46), and further revised the discovery deadlines in this matter on June 2, 2025 (Dkt. No. 54), August 20, 2025 (Dkt. No. 71), September 5, 2025 (Dkt. No. 78), September 19, 2025 (Dkt. No. 80), and October 6, 2025 (Dkt. No. 83) at the parties' request.

7.      On June 19, 2025, Defendants provided their Rule 26(a)(1) initial disclosures,[1] identifying the "name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subject of that information - that the disclosing party may use to support its claims or defenses." Exhibit A, at 2.  No expert witness was disclosed. *Id.* at 2–3.

8.      Per the final discovery-related Scheduling Order, all discovery closed on October 31, 2025.  Dkt. No. 83.

9.      Plaintiff was not able to obtain discovery from now-unrepresented Defendants Lisa Polson, Christiana Logan, or Fate Fashola, despite numerous outreach attempts.  Dkt. No. 90.

10.     Thus, on October 31, 2025, the parties concluded discovery in this case, to the extent it was available.  Dkt. No. 88, ¶ 1; *see also* Dkt. No. 90, at 2 (joint status report stating "the parties have completed discovery to the extent it was available").

11.     On November 3, 2025, the parties submitted to the Court a Joint Status Report, pursuant to the Court's Scheduling Order dated November 14, 2024 (Dkt. No. 32), as amended by the Court's Order dated October 6, 2025 (Dkt. No. 83).  Dkt. No. 86.

12.     On November 5, 2025, the Court issued an Order referring this case to the Honorable J. Mark Coulson, United States Magistrate Judge, for the District of Maryland, for the purpose of "Settlement or other ADR conference."  Dkt. No. 87.

13.     A settlement conference has been scheduled for April 21, 2026.  Dkt. No. 94.

14.     Dispositive motions are due on July 21, 2026.  Dkt. No. 100.

---

[1] Federal Rule of Civil Procedure 26(a)(1)(A) states that "a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A).

15. Despite the Court ordering all discovery be closed by October 31, 2025, counsel for Defendants submitted their Defendants' Rule 26(a)(2) Disclosure Statement for the first time to Plaintiff on March 27, 2026 (five months past the close of discovery). Exhibit B (Defendants' Rule 26(a)(2) Disclosure Statement).

16. This untimely Rule 26(a)(2) Disclosure Statement and accompanying report is the first time Defendants have identified their purported expert, Dr. Lisa Grant.

17. Defendants' tardiness is compounded by the fact that the purported expert report was prepared a full *two months* prior to being submitted to Plaintiff. Exhibit B, at 1 (stating "Dr. Grant has prepared a written expert report dated January 24, 2026").

18. Defendants have provided no reason for their delay, let alone substantial justification. *See Arbogast v. Chesterton*, No. 14-cv-4049, 2016 WL 2924022, at *3 (D. Md. May 18, 2016) ("Plaintiffs have the burden to show that the failure to comply was either substantially justified or harmless." (internal quotation marks and citation omitted)).

19. Defendants' attempt to belatedly make expert witness disclosures after the close of discovery prejudices Plaintiff, who having been surprised by this late disclosure at this late hour, is prevented from providing rebuttal disclosures due to the October 31, 2025 deadline, as well as from engaging in further discovery concerning the identified purported expert witness and from deposing the witness due to the same deadline.

20. Further, allowing Defendants to utilize their purported expert witness at this late time would cause further delay, undermine the Court's deadlines, reopen the concluded discovery process, and add additional unnecessary expense, where discovery has closed and the case has been pending for nearly four years.

21.    Defendants, who have been warned by the Court to comply with Court deadlines, should not be permitted to present such untimely evidence or testimony, unfairly prejudicing Mr. Clark.  Dkt. No. 32.  Waiting until five months after the close of discovery, and two months after the preparation of an expert report, to disclose Dr. Lisa Grant as an expert witness is not permitted by the Federal Rules.  *See Cong. Air, Ltd. v. Beech Aircraft Corp.*, 176 F.R.D. 513, 517 (D. Md. 1997) (prohibiting expert testimony due to "untimely and inexcusable delay of nearly six months"); *Wilkins v. Montgomery*, 751 F.3d 214, 222–23 (4th Cir. 2014) (affirming exclusion of expert witness after discovery closed noting disruption of scheduling order, lack of importance of testimony in a deliberate indifference case, and when there was no reason provided for failure to disclose the evidence in a timely manner); *Disney Enters., Inc. v. Kappos*, 923 F. Supp. 2d 788, 796 (E.D. Va. 2013) (prohibiting expert testimony when opposing party was "clearly surprised" by the new evidence and proponent's "explanations for its failure to timely disclose the new opinions [were] not satisfactory"); *Gallagher v. S. Source Packaging, LLC*, 568 F. Supp. 2d 624, 632 (E.D.N.C. 2008) (disallowing expert testimony when opposing party was surprised, could not cure surprise without further delay and further discovery, and the case had been pending for two years).

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion to Exclude or Strike Defendants' Untimely Expert Witness.

Date:  April 20, 2026

Respectfully submitted,

/s/ Stacey VanBelleghem
Stacey VanBelleghem (No. 28893)
Delia Tasky (No. 30325)
Lucas Novaes (Admitted Pro Hac Vice)
Rachael Westmoreland (Admitted Pro Hac Vice)

5

Jeff Hannan (Admitted Pro Hac Vice)
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
stacey.vanbelleghem@lw.com
delia.tasky@lw.com
lucas.novaes@lw.com
rachael.westmoreland@lw.com
jeff.hannan@lw.com

*Counsel for Plaintiff Hammel J. Clark-El*